# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>GABRIEL MALDONADO-HERNANDEZ,<br>Defendant. | CRIMINAL NO. 17-095 (DRD) |

## PLEA AGREEMENT
(Pursuant to Rule 11(c)(1)(B) FRCP)

**TO THE HONORABLE COURT**:

COMES NOW the United States of America through its counsel Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico; José Capó-Iriarte, Assistant United States Attorney, Chief, Criminal Division; Elba Gorbea, Assistant United States Attorney, Immigration and Trafficking Unit; defendant's counsel, Isabelle Oria; and defendant Gabriel Maldonado-Hernández, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

### 1. COUNT TO WHICH DEFENDANT PLEADS GUILTY

Defendant Gabriel Maldonado-Hernández agrees to plead guilty to COUNT TWO of the Indictment (Sexual Enticement of a Minor).

COUNT TWO charges that in or about the month of November 2016, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, Gabriel Maldonado-Hernández, the defendant herein, did persuade, induce, entice and coerce an individual who had not attained the age of 18 years, to engage in any sexual activity for which any person

1

can be charged with a criminal offense. All in violation of Title 18, *United States Code*, Section 2422(b).

**2. MAXIMUM PENALTIES**

The penalty for the offense charged in COUNT TWO of the Indictment is a term of imprisonment of not less than ten (10) years up to a statutory maximum of life; a fine of not more than two hundred fifty thousand dollars ($250,000.00) and a term of supervised release of any term of years not less than five (5), or life, in accordance with Title 18, *United States Code*, Section 3583(k).

**3. APPLICABILITY OF SENTENCING GUIDELINES**

Defendant acknowledges that the Court may impose a sentence in accordance with the applicable provision(s) of the Sentencing Guidelines, Title 18, *United States Code*, Section 3551, et seq. (hereinafter Guidelines), which are now advisory. Further, the defendant acknowledges being aware that parole has been abolished and the imposition of a sentence may not be suspended.

**4. SPECIAL MONETARY ASSESSMENT**

The Court must further impose a mandatory special monetary assessment of one hundred dollars ($100.00) per count of conviction, which the defendant agrees to pay, to be deposited in the Crime Victim Fund, pursuant to Title 18, *United States Code*, Section 3013(a).

**5. DOMESTIC TRAFFICKING VICTIMS' FUND SPECIAL ASSESSMENT**

Pursuant to the "Justice for Victims Trafficking Act of 2015," Title 18, *United States Code,* Section 3014, the Court shall access an amount of $5,000.00, per relevant count, for a total of $5,000.00, on any non-indigent person or entity convicted of an offense under: a) Chapter 77

(relating to peonage, slavery, and trafficking in persons); b) Chapter 109A (relating to sexual abuse); c) Chapter 110 (relating to sexual exploitation and other abuse of children); d) Chapter 117 (relating to transportation for illegal sexual activity and related crimes); or, e) Section 274 of the "Immigration and Nationality Act" (Title 8, *United States Code*, Section 1324) (relating to human smuggling) unless the person induced, assisted, abetted, or aided only an individual who at the time of such action was the alien's spouse, parent, son, or daughter (and no other individual) to enter the United States in violation of law.

### 6. FINES AND RESTITUTION

The defendant is aware that the Court may, pursuant to Section 5E1.2 of the Sentencing Guidelines Manual, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered and also the Court may impose restitution. As part of this Plea Agreement, the defendant agrees to produce complete information regarding all restitution victims and defendant agrees to execute a financial statement to the United States (OBD Form 500). The United States will make no recommendations as to the imposition of fines.

### 7. RULE 11(c)(1)(B) WARNINGS

The defendant is aware that the defendant's sentence is within the sound discretion of the sentencing judge, but the same may be imposed following the United States Sentencing Guidelines, Policy Statements, Application, and Background Notes as advisory to the imposition of sentence. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. If the Court should impose a sentence up to the maximum established by statute, the defendant

cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## 8. SENTENCING GUIDELINES CALCULATIONS

Although the Guidelines are now advisory, *United States v. Booker*, 125 S. Ct. 738, 744 (2005), makes clear the sentencing court is required to consider the Guidelines "sentencing range established for... the applicable category of offense committed by the applicable category of defendant" in imposing sentence. *Booker*, 125 S. Ct. at 744. Therefore, the United States and the defendant submit the following advisory Sentencing Guidelines calculations as to COUNT ONE:

| SENTENCING GUIDELINES CALCULATION<br>COUNT TWO – Title 18, *United States Code*, Section 2422(b) | |
|---|---|
| BASE OFFENSE LEVEL [U.S.S.G. §2G1.3(a)(3)] | 28 |
| Use of a computer [U.S.S.G. §2G1.3(b)(3)] | +2 |
| Acceptance of Responsibility [U.S.S.G. § 3E1.1] | -3 |
| TOTAL OFFENSE LEVEL<br>(There is NO stipulation as to defendant's criminal history category) | 27<br>70-87 months<br>(If defendant is Criminal History Category I) |

## 9. SENTENCE RECOMMENDATION

After due consideration of the relevant factors enumerated in Title 18, *United States Code*, Section 3553(a), the parties agree to recommend a term of imprisonment of **ten (10) years** or **120 months**, irrespective of defendant's criminal history category at the time of sentencing, which is equal to the statutory minimum term for the offense charged in COUNT TWO of the Indictment, that is, sexual enticement of a minor, in violation of Title 18, *United States Code*, Section 2422(b).

4

## 10. WAIVER OF APPEAL

Defendant Maldonado-Hernández knowingly and voluntarily agrees that, if the sentence of imprisonment imposed by the Court is **120 months** or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 11. NO FURTHER DEPARTURES, ADJUSTMENTS OR VARIANCES

The United States and the defendant agree that no further departures or variance shall be sought by the parties. Should either party request an additional departure, adjustment or variance it shall constitute a breach of the plea agreement and grounds for the other party to request a withdrawal from the terms of this plea agreement.

## 12. SATISFACTION WITH COUNSEL

The defendant represents to the Court to be satisfied with defendant's counsel, Isabelle Oria, and indicates that counsel has rendered effective legal assistance.

## 13. NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY

The parties do not stipulate any assessment as to the defendant's criminal history category.

## 14. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

    a.    If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

    b.    If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

    c.    If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

    d.    At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

e. At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

15. **STATEMENT OF FACTS**

The accompanying Statement of Facts signed by the defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

16. **LIMITATIONS OF PLEA AGREEMENT**

This plea agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant; it does not bind the federal district court for the District of Puerto Rico, any other federal district, state or local authorities.

17. **ENTIRETY OF PLEA AGREEMENT**

This written agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except as set forth in writing in this plea agreement and deny the existence of any other term and conditions not stated herein.

18. **AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms, conditions will be entered unless in writing, signed by all parties.

19. **VOLUNTARINESS OF GUILTY PLEA**

The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty.

### 20. IMPACT UPON CONVICTION

Defendant acknowledges that by pleading guilty and entering into this plea agreement, he will be required to register as a "Sex Offender" pursuant to the Sex Offender registration and Notification Act ("SORNA" or "the ACT"), which was enacted under Title I of the Adam Walsh Child Protection and Safety Act of 2006 (P.L. 109-248), codified at the Title 18, *United States Code*, Section 2250 and Title 42, *United States Code*, Section 16913. As a registered Sex Offender, defendant further understands that his status as a convicted Sex Offender, and related information, will be made public.

**RESPECTFULLY SUBMITTED.**

ROSA EMILIA RODRIGUEZ-VELEZ
UNITED STATES ATTORNEY

_____
**JOSE CAPO-IRIARTE**
Assistant United States Attorney
Chief, Criminal Division
Dated: 3/6/18

_____
**ELBA GORBEA**
Assistant United States Attorney
Immigration and Trafficking Unit
Dated: 3.06.2018

_____
**GABRIEL MALDONADO-HERNANDEZ**
Defendant
Dated: 03.19.2018

_____
**ISABELLE ORIA**
Counsel for the Defendant
Dated: 03.19.2018

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the *Sentencing Guidelines, Policy Statements, Application, and Background Notes*, which may apply, in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: 03.19.2018

*Gabriel Maldonado*
**GABRIEL MALDONADO-HERNANDEZ**
Defendant

I am the attorney for the defendant. I have fully explained to the defendant his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the *Sentencing Guidelines, Policy Statements, Application, and Background Notes*, and I have fully explained to the defendant the provisions of those guidelines, which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of defendant's plea of guilty.

Date: 03.19.2018

*Isabelle Oria*
**ISABELLE ORIA**
Counsel for Defendant

## STATEMENT OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following statement setting forth the United States' version of the facts leading to the defendant's acceptance of criminal responsibility for defendant's violation of Title 18, *United States Code*, Section 2422(b).

If this matter had proceeded to trial, the United States would have presented evidence which would have proven beyond a reasonable doubt the following:

That on or about November 30, 2016, Homeland Security Investigations (HSI) Agents received information from the Puerto Rico Police Department (PRPD) Sexual Crimes Division, that defendant Maldonado-Hernández, a then 19-year-old adult male, was contacting, via electronic communications, a 13-year-old female minor (hereinafter referred to as "FM"), for sexual purposes.

On that same date, HSI Agents interviewed FM's mother, who stated that, on or about November 16, 2016, she was browsing FM's Facebook profile and found communications from Gabriel Maldonado-Hernández and photos of a penis. HSI Agents proceeded to interview FM who testified that: Maldonado-Hernández sent her a Facebook friend request and she accepted it; that they started to communicate via Facebook private message system; that Maldonado-Hernández requested pictures of herself naked and that he harassed her (meaning that he was insistent) in order to get the naked pictures and that she complied; that Maldonado-Hernández sent her pictures of his penis.

10

HSI Agents executed a federal search warrant for Maldonado-Hernández' Facebook account. After reviewing the private message conversation between Maldonado-Hernández and FM, Agents were able to corroborate that Maldonado-Hernández was in fact coercing and enticing FM in order to engage in sexually explicit conduct. Defendant Maldonado-Hernández was placed under arrest on or about January 24, 2017.

Defendant Maldonado-Hernández admits that in or about the month of November 2016, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, Gabriel Maldonado-Hernández, the defendant herein, did persuade, induce, entice and coerce an individual who had not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense. All in violation of Title 18, *United States Code*, Section 2422(b).

At trial, the United States would have proven beyond a reasonable doubt that defendant Gabriel Maldonado-Hernández is guilty as charged in Count Two of the Indictment by presenting physical and documentary evidence, electronic communications, testimony of federal law enforcement agents, among others. Full discovery has been provided in this case.

_____
**ELBA GORBEA**
Assistant United States Attorney
Immigration and Trafficking Unit
Dated: 3.06.2018

_____
**ISABELLE ORIA**
Counsel for Defendant
Dated: 03.19.2018

_____
**GABRIEL MALDONADO-HERNANDEZ**
Defendant
Dated: 03.19.2018